# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

MARSHEA LANA WILLIAMS                                  **PLAINTIFF**

V.                                        **CIVIL ACTION NO.3:20-CV-136-DAS**

COMMISSIONER OF SOCIAL SECURITY                      **DEFENDANT**

## MEMORANDUM OPINION

The plaintiff, Marshea Lana Williams, seeks judicial review of the Social Security Administration's decision denying her application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, the applicable law and having heard oral argument, finds the decision of the Commissioner should be affirmed for the reasons set forth below.

The plaintiff, who suffers from depression, anxiety, ADHD and body dysmorphic disorder, makes five arguments in support of her appeal.

## FACTS

Williams' grandmother filed an application for her on September 27, 2017, while she was still a child. After being denied initially and on reconsideration, and after two video hearings on February 6, 2019, and August 8, 2019, the ALJ denied her claim for benefits as a child and an adult on October 1, 2019. (Dkt. 9 p. 16-26).[1] The Appeals Council denied the request for review and this timely appeal followed.

---

[1] The administrative record is Docket 9. Unless otherwise indicated, all references are to this record. The page cites are to the court's numbering system rather than the administrative numbering.

## ANALYSIS

The plaintiff has raised five issues in support of her appeal. She argues that proper consideration of Social Security Ruling(SSR) 85-15, 1983-1991 Soc.Sec.Rep.Serv. 343, 1985 WL 56857 (1985), should have resulted in a favorable decision given her marked limitation in her ability to interact with others. She also argues the ALJ erred in relying on opinions of the Disability Determination Service (DDS) consultants. She asserts the ALJ's persuasiveness determinations as to two treating sources (one in Ground Three and one in Ground Five) are factually erroneous, and finally, Williams also argues the ALJ failed to properly evaluate her body dysmorphic disorder.

### 1. Marked Limitation under SSR 85-15

First, the plaintiff argues under Social Security Ruling SSR 85-15e, the ALJ erred when he failed to consider the marked limitation she had interacting with others. The ALJ found she could not function among strangers and would need a brief period to familiarize herself with her surroundings but could then function well.

The Commissioner countered at oral argument that the court recently addressed this issue in *Haygood v. Commissioner*, Civil Action No. 3:20-cv-56-DAS (N.D. Miss. January 29, 2021). In *Haygood* the court held that the finding of a marked limitation in the "B" criteria does not necessarily equal SSR 85-15's "substantial loss of ability to meet" a "basic, work related activit[y]" that would result in a severely limited work base. The court reaffirms its holding in *Haygood* and rejects this argument.

### 2. Reliance on State Agency Opinions

Next, the plaintiff argues the DDS agency opinions are unreliable because they conflict with the opinions of the primary treating therapist and should be discounted. The court finds the

ALJ effectively took the action the plaintiff urges.  The ALJ discounted the treating therapist's opinions but also found the DDS provider's opinions only somewhat persuasive.  The DDS consultants reviewed most of the plaintiff's treatment records, but the ALJ found their opinions did not adequately address the plaintiff's social limitations as revealed in her later treatment records. He then assessed greater limitations in the RFC than the DDS opinions would support.

The court cannot disturb this finding without reweighing the evidence and substituting its judgment for the adjudicator.  It is, therefore, bound to affirm the Commissioner on this point.

The plaintiff also argues the DDS reference to a consulting examination report from Dr. Drumheller from an earlier application was prejudicial.  This is a brief reference with no discussion of the content or indication of reliance on the report.  Because the plaintiff has failed to enunciate exactly how this could impact the outcome, the court finds this reference to be harmless error at most.

### 3. Persuasiveness Findings of Treating Therapist

With her third assignment, the plaintiff argues the ALJ erred in his assessment of the persuasiveness of the opinions of school therapist Hailey McGaughey. Specifically, the ALJ wrote:

> She reported poor ability to comprehend all instructions, fair ability to pay attention when spoken to directly, and poor social skills (Exhibit B4F). In a second statement this therapist described very poor comprehension without medication (Exhibit B10F). The undersigned finds this provider's opinion unpersuasive. The claimant's treatment records show no cognitive impairment, no significant deficits in concentration at that point, and no indication of poor social skills. She has had some paranoia, but interacts well with others in all observed situations.
> R. 25.

There is a factual error in the persuasiveness analysis because the record, without dispute, shows Williams is limited by poor social skills.  But the ALJ rated her social interaction abilities as a

marked limitation; discounted the DDS opinions because they, in his opinion, understated the extent of her social limitations; and limited her ability to interact with supervisors, coworkers and the public in assessing her RFC. Therefore, the court finds this factual error is harmless. The remaining analysis, while spare, demonstrates that the ALJ found the opinions were not supportable or consistent with the record. The court finds no prejudicial error in the ALJ's persuasiveness analysis.

### 4. Failure to Evaluate Body Dysmorphic Disorder

The ALJ discussed the fact that the plaintiff was diagnosed with body dysmorphic disorder but did not add any impairments or limitations in the RFC directly attributable to this disorder.  While the plaintiff admits there is no medical opinion in the case to be evaluated, she argues the ALJ failed to develop the record on this diagnosis.

The Commissioner counters the ALJ had no obligation to further develop the record because the plaintiff has not shown any functional limitations as a result of this disorder.  The ALJ recognized the condition as medically established and severe. He noted reports of waxing every day because of her ungrounded concerns over excessive hairiness.  The ALJ noted there were no records to indicate functional limits secondary to this disorder. Without proof of functional limits based on this disorder, the court does not find error in the assessment of the RFC or an abuse of discretion in failing to order a consultative examination.

### 5. Evaluation of Therapist Letters

The record includes two letters from Shauna Wallace-Foster addressing Williams' mental status.  Wallace-Foster treated Williams at Communicare.  The letters confirm Williams' depression, which she noted to be severe and recurrent, with anxiety and delusional beliefs about her body image, diagnosed as body dysmorphic disorder. The ALJ found that the undated letters

seemed to be almost entirely based on the plaintiff's subjective complaints at her initial visit with Communicare in August 2016.(R. 22) Not only are these letters primarily based on subjective complaints, but as noted by the Commissioner, could be discounted by the ALJ because obtained at the behest of counsel. *Hurd. v. Astrue*, 621 F.3d 724, 739 (8th Cir. 2010). Consequently, after considering the matter, the court finds no error in this analysis.

## CONCLUSION

Having found no error of law and finding the decision is reported by substantial evidence the court finds the decision of the ALJ should be affirmed. A separate judgment shall be entered.

THIS the 19th day of April, 2021.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**